**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Joshawa Clark,**
**Petitioner Below, Petitioner**

**vs.) No. 21-0167** (Cabell County No. 14-C-359)

**Donnie Ames, Superintendent,**
**Mt. Olive Correctional Complex**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Joshawa Clark appeals the January 6, 2021, order denying his petition for post-conviction habeas corpus relief.[1] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

Petitioner was working at a movie theater when it was robbed by a gunman on July 13, 2009, and October 19, 2009. Phone records showed that petitioner called his friend Dustin Shaver immediately before and after the first robbery. A few hours after the second robbery, petitioner and Shaver were seen together. Shaver was identified as the gunman by another employee of the movie theater. During the second robbery, the gunman obtained about $5,000. Thereafter, a search of petitioner's home disclosed the pink bag Shaver used during the October robbery, $4,600, and a certificate of title for petitioner's new motorcycle which he purchased the week after the July robbery for $2,750 in cash. Both men were thereafter indicted on two counts of robbery and two counts of conspiracy.

Prior to petitioner's trial, Shaver accepted a plea agreement and agreed to testify against petitioner. Petitioner's counsel learned that Shaver had allegedly taken a polygraph at his lawyer's office, which he was said to have passed and which allegedly exculpated petitioner. At a hearing seven weeks before petitioner's trial, petitioner asked the trial court to require the prosecutor to produce the exculpatory statements Shaver allegedly made to his lawyer during Shaver's polygraph. In support, petitioner cited to the *Brady* doctrine, which provides that a prosecutor must produce any evidence *in the State's possession* which would tend to exculpate an accused.

---

[1] Petitioner appears by counsel Jason T. Gain. Respondent Superintendent Donnie Ames appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Katherine M. Smith.

(Emphasis added.) *See Brady v. Maryland*, 373 U.S. 83 (1963); s*ee also* Syl. Pt. 4, *State v. Hatfield*, 169 W. Va. 191, 286 S.E.2d 402 (1982) ("A prosecution that withholds evidence which if made available would tend to exculpate an accused by creating a reasonable doubt as to his guilt violates due process of law under Article III, Section 14 of the West Virginia Constitution."). The prosecutor responded that the State had no custody or control over any such statements and that petitioner should request any such information from Shaver's counsel.

Shaver testified against petitioner at trial. Petitioner was convicted on all four counts and sentenced to fifty-two to sixty years in prison. Petitioner appealed and this Court affirmed the conviction. *See State v. Clark*, No. 11-0643, 2012 WL 5835072 (W. Va. Nov. 16, 2012) (memorandum decision); *State v. Clark*, 232 W. Va. 480, 752 S.E.2d 907 (2013).

Thereafter, petitioner filed a petition and then an amended petition for a writ of habeas corpus alleging various claims including that the State failed to disclose *Brady* materials that were exculpatory in nature (specifically, the results of the polygraph Shaver allegedly took at his lawyer's office). At petitioner's omnibus evidentiary hearing, the prosecutor who tried petitioner's case testified that (1) she withheld no information from petitioner, (2) Shaver's counsel provided her with no such information, (3) any statements made by Shaver to his counsel were privileged, and (4) no such statements were ever in the State's possession. The habeas court denied relief on January 6, 2021, stating that "[p]etitioner himself alleges that Shaver's attorney, who is not an agent of the State, conducted the polygraph. The polygraph was not conducted at the State's direction and therefore the [c]ourt finds this ground without merit and rules against the [p]etitioner."

Petitioner now appeals, arguing that the circuit court erred in failing to grant him a writ of habeas corpus and to award him a new trial.

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006). Specifically, petitioner contends that the circuit court abused its discretion in the disposition of his habeas petition due to the State's *Brady* violation, i.e., its failure to obtain and turn over Shaver's exculpatory statement.

We find no error. Petitioner was aware of the *Brady* issue before trial and did not pursue a definitive ruling from the trial court. Moreover, petitioner did not raise his *Brady* claim in his direct appeal. Accordingly, the issue has been waived. West Virginia Code § 53-4A-1(c) provides, in pertinent part, that

> [f]or the purpose of this article, a contention or contentions and the grounds in fact or law relied upon in support thereof shall be deemed to have been waived when the petitioner could have advanced, but intelligently and knowingly failed to advance, such contention. . . and grounds before trial, at trial, or on direct appeal[.]

2

"Any ground that a habeas petitioner could have raised on direct appeal but did not is presumed waived." *Grant v. Mirandy*, No. 15-0003, 2015 WL 5555586, at \*10 (W. Va. Sept. 21, 2015) (memorandum decision). "It is well established that the burden rests upon petitioner to rebut the presumption that any ground which could have been asserted on direct appeal, but was not, was knowingly and intelligently waived." *Parks v. Ames*, No. 19-0458, 2020 WL 4355274, at \*5 n.4 (W. Va. July 30, 2020) (memorandum decision).

That said, even if petitioner had not waived his *Brady* claim, the habeas court did not abuse its discretion in denying petitioner relief. We assess *Brady* issues as follows:

> There are three components of a constitutional due process violation under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and *State v. Hatfield*, 169 W.Va. 191, 286 S.E.2d 402 (1982): (1) the evidence at issue must be favorable to the defendant as exculpatory or impeachment evidence; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; and (3) the evidence must have been material, i.e., it must have prejudiced the defense at trial.

Syl. Pt. 2, *State v. Youngblood*, 221 W. Va. 20, 650 S.E.2d 119 (2007). "This test is applied in a conjunctive manner, meaning that all three elements must be satisfied[.]" *State ex rel. Hubley v. Pszczolkowski*, No. 19-0211, 2020 WL 7214158, at \*10 (W. Va. Dec. 7, 2020) (memorandum decision). The burden of proving all three prongs rests with the petitioner. Here, petitioner failed to prove the second element: that the evidence of the Shaver polygraph was suppressed by the State.

First, it is a general rule that there is no suppression of evidence under *Brady* when a defendant is aware of the alleged exculpatory evidence before trial. "The rule of *Brady* . . . involves the discovery after trial of information which had been known to the prosecution but unknown to the defense." *United States v. Agurs*, 427 U.S. 97, 103 (1976) (holding modified on other grounds by *United States v. Bagley*, 473 U.S. 667 (1985)). In the context of *Brady*, "any allegation of suppression boils down to an assessment of what the State knows at trial in comparison to the knowledge held by the defense." *Giles v. Maryland*, 386 U.S. 66, 96 (1967) (White, J., concurring). Thus, "[i]f the defense knows of material before trial, no *Brady* violation is possible[.]" *United States v. Smith*, 31 F. App'x 158 (5th Cir. 2001). Here, petitioner knew of the alleged Shaver polygraph and statements at least seven weeks before trial and made a motion seeking their production. Consequently, petitioner cannot argue that the State "suppressed" the evidence.

Second, there is no evidence showing the State, or any of the agents acting on its behalf, possessed the Shaver polygraph or statements. Hence, it had no duty to seek them out for production. *Brady* does not oblige the State to disclose materials that are not in its possession or control. Petitioner asserts that the State had a duty to obtain the materials from Shaver's lawyer, and claims that Shaver was an agent of the State by virtue of his status as a cooperating witness. As authority for this proposition, petitioner cites *Kyles v. Whitley*, 514 U.S. 419, 437 (1995), where the court stated that a "prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police." However, we noted that the

decision in *Kyles* stands only for the proposition that "it is proper to impute to the prosecutor's office facts that are known to the police and other members of the investigation team." *Youngblood*, 221 W. Va. at 27, 650 S.E.2d at 126 (quoting *United States v. Wilson,* 237 F.3d 827, 832 (7th Cir. 2001)). West Virginia, like other courts, has "confined prosecutors' sleuthing duties to material information possessed by members of the prosecution team." *Sutton v. Carpenter*, 617 App'x 434, 441 (6th Cir. 2015). Petitioner cites to no authority extending *Kyles* and *Brady* to statements taken by the attorneys for co-defendants who become cooperating witnesses for the State. To the contrary, other courts that have considered this question have determined that where a witness cooperating with the prosecution fails to disclose records, evidence, or prior statements, the prosecution cannot be said to have suppressed those records because they were never in the government's possession. *See, e.g.*, *United States v. Graham*, 484 F.3d 413, 417 (6th Cir. 2007) (cooperating witness was not "acting on the government's behalf," and government could not be said to have suppressed fifteen boxes of documents produced by witness in middle of trial); *United States v. Munchak*, No. 3:CR-10-75, 2014 WL 3557176, at *13 (M.D. Pa. July 17, 2014) (citing cases for proposition that "[c]ourts that have considered this issue . . . have concluded that a cooperating witness is not, in fact, a member of the prosecution team"); *United States v. Salahuddin*, No. 10-104 (FLW), 2012 WL 2952436, at *24 (D.N.J. July 19, 2012) (rejecting defendant's claim that Government was charged with knowledge of its cooperating witness and stating that defendant failed to "offer any support that the Government can be charged with *all* knowledge possessed by a cooperating witness"). Thus, the petitioner has failed to establish that the State suppressed any statements made by Shaver.

Accordingly, we affirm the circuit court's decision refusing the petition for habeas corpus.

Affirmed.

**ISSUED:** June 13, 2023

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn